IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICKEY DON BUTLER #2028812 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv347 |
| BRIAN COLLIER, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights in the Michael Unit. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Alleged Facts**

Plaintiff sues TDCJ Executive Director Collier and two Michael Unit employees, Lieutenant Evens and Sergeant Ogunjobi. (Dkt. #1 at 1.) He alleges that he was subjected to excessive force on September 18, 2021, by Ogunjobi and another officer—presumably Evens. (*Id.* at 4.) Specifically, Plaintiff alleges that he had a medical pass for "no short cuff behind back," but Ogunjobi ignored the pass and tried to force Plaintiff's arms behind his back. (*Id.*; Dkt. #1-2 at 1.) The situation escalated to the point that the other officer placed a knee on Plaintiff's neck, choking him, while striking him in the head. (Dkt. #1 at 4.) As a result of the force used, Plaintiff alleges a lasting shoulder injury. (*Id.*) He seeks unspecified money damages and to have his "case dismissed." (*Id.*)

**II. Legal Standards and Preliminary Screening**

Plaintiff's complaint is subject to screening under 28 U.S.C. §§ 1915A(b) and 1915(e)(2). Those statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See*

*Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**III. Discussion and Analysis**

By separate Order, the Court is requiring Defendants Ogunjobi and Evens to respond to Plaintiff's excessive-force claims against them. The claim against Defendant Collier, however, requires separate consideration.

First, Plaintiff does not allege any facts involving Defendant Collier in the body of his complaint. It appears that Plaintiff sues Collier simply because he believes Collier to be liable by virtue of his executive position within the TDCJ. But lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases. *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable only if he is personally involved in a constitutional deprivation, a causal connection exists between the supervisor's wrongful conduct and a

3

constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

Plaintiff here does not allege that Defendant Collier played any personal role in the use of force that gave rise to this suit. He thus does not allege facts that would satisfy the personal involvement standard for this Defendant and fails to state a claim against him in his individual capacity.

To the extent Plaintiff sues Defendant Collier in his official capacity for money damages, those claims are barred by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that state officials in their official capacities are not "persons" subject to suit under Section 1983); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (explaining that "the Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity").

The Eleventh Amendment does not bar an official-capacity claim for prospective injunctive relief. *See K.P. v. LeBlanc*, 729 F.3d 427, 439 (5th Cir. 2013) (explaining that, under the "Ex Parte Young rule," the Eleventh Amendment does not bar a claim when a plaintiff "seeks prospective, injunctive relief from a state actor, in her official capacity, based on an alleged ongoing violation of the federal constitution"). But other TDCJ defendants remain in this case in both their individual and official capacities and can be held liable in their official capacities for any prospective injunctive relief ultimately awarded in this case. Additional official-capacity claims against Defendant Collier are, therefore, redundant and should be dismissed on that basis. *See* Fed. R. Civ. P. 12(f) (authorizing courts to strike any "redundant [or] immaterial" matter); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (holding suit against multiple defendants

4

standing in the shoes of the same entity redundant); *Jones v. Heyns*, No. 1:12-CV-1341, 2014 WL 1607621, at *3 (W.D. Mich. Apr. 22, 2014) ("Although the Court recognizes that most cases dismissing redundant official capacity claims involve claims against both the entity itself and employees of the entity, courts also dismiss multiple official capacity claims in the prison context[.]").

**IV. Conclusion**

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief can be granted against Defendant Collier.

<u>RECOMMENDATION</u>

Accordingly, the undersigned recommends that all claims against Defendant Collier be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 20th day of October, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE